Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: 408.429.6506
Facsimile: 408.369.0752
pgore@prattattorneys.com

*Counsel for Plaintiff*
[Additional Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL DE LA TORRE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES TYRWHITT, INC.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Paul de la Torre, individually, and on behalf of all similarly situated persons, by and through his attorneys, alleges the following against Defendant Charles Tyrwhitt, Inc. ("Charles Tyrwhitt"), upon personal knowledge as to facts pertaining to himself, and upon information and belief as to all other matters.

### I.   INTRODUCTION

1.   This is a class action against Charles Tyrwhitt, a menswear manufacturer and retailer that has made enormous profits by deceiving consumers into believing they are receiving significant discounts on expensive clothing made on Jermyn Street, London. In fact, they are purchasing, at full retail price, inexpensive clothes, manufactured elsewhere.

2. Defendant systematically deceives its customers through two illicit practices: first, by misrepresenting to consumers that every item of Charles Tyrwhitt clothing is on sale at a dramatically reduced price; and second, by falsely maintaining that its clothing is "British" and is made on Jermyn Street, London. Both practices are deceptive and unfair. Both practices violate California law.

3. On its website, in its catalogues, and in its online and print advertising, Defendant purports to sell each article of clothing at a substantially discounted price, and claims that its customers "save" substantial amounts of money by purchasing Charles Tyrwhitt products. In actuality, these supposed former prices are fabrications, and the "savings" are illusory.

4. During the Class Period, as defined below, Defendant has sold no meaningful amount of clothing—be it suits, shirts, ties, or other accessories—at these supposed former prices. Nor has Defendant had any intention of doing so. By falsely representing to consumers that they save money on each and every purchase, Defendant has induced consumers into buying clothing they would not otherwise have bought.

5. The Federal Trade Commission describes false former pricing schemes, similar to the one carried out by Defendant here, as deceptive:

> If . . . the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1.

6. Moreover, California law prohibits the use of former price comparisons in advertisements "unless the former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

7. Likewise, California law prohibits "[m]aking false or misleading statements of fact

concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(13).

8. Defendant's false representations regarding its former prices and the "savings" reaped by its customers are objectively material to the reasonable consumer. Therefore, reliance upon such representations may be presumed as a matter of law.

9. Defendant knew or reasonably should have known that its comparative price advertising was false, deceptive, misleading, and unlawful under Federal and California law.

10. And in fact, thousands of California consumers, including Plaintiff, relied on these purported savings in deciding to purchase Defendant's clothing.

11. Defendant also deceived California consumers in another way: by representing on its website, in its catalogues, and in its online and print advertising that its clothing is made on Jermyn Street, London, in Great Britain. In fact, its clothing is made elsewhere, including China and Sri Lanka. Defendant's claim that its clothing is made in Great Britain gives consumers the mistaken impression that Charles Tyrwhitt merchandise, although inexpensive, is luxury apparel.

12. Upon information and belief, during the Class Period, none of Defendant's clothing was made on Jermyn Street London. At the very least, the majority of Defendant's clothing was made elsewhere, including in China and Sri Lanka.

13. California consumers, including Plaintiff, relied on representations that Defendant's clothing was made in Great Britain in deciding to purchase Charles Tyrwhitt's clothing.

14. California law specifically prohibits "[u]sing deceptive representations or designations of geographic origin in connection with goods or services." Civil Code § 1770(a)(4).

15. In sum, Defendant's advertising tactics are misleading, deceptive, unfair, and fraudulent. They also violate California law, including, but not limited to, California Civil Code §§ 1750, *et seq.*, California Business & Professions Code §§ 17200, *et seq.*, and California Business & Professions Code §§ 17500, *et seq.*

## II. PARTIES

16. Plaintiff Paul de la Torre is a resident of Los Gatos, California, who purchased Charles Tyrwhitt clothing within four years of the filing of this action. Specifically, on September

1   30, 2014, Plaintiff purchased online one <u>Kinghorn Royal Satin Stripe Slim Fit Shirt</u> and one <u>Sky Fine Stripe Non Iron Slim Fit Shirt</u>, offered as part of Defendant's Mid-Season Sale. Plaintiff paid, respectively, $35.00 and $49.00 for each shirt.

17. Defendant Charles Tyrwhitt is a Delaware corporation with its principal place of business in London. The president and majority partner, Nicholas J. Wheeler, is a citizen of Buckinghamshire, United Kingdom. Upon information and belief, the other partners are also citizens of the United Kingdom.

18. Defendant designs, manufactures, and sells clothing—mostly for men.

19. Defendant has stores in the United Kingdom, as well as in New York, NY, Chicago, IL, and Washington, DC. Defendant does the vast majority of its business through its catalogues, and online. Through these channels, Defendant sells clothing all over the United States, including in California.

20. Defendant has witnessed an extraordinary growth in revenue over the last several years. From 2013-2014 alone, revenue jumped 23%, while Defendant's profits nearly doubled. *See* http://www.yorkshirepost.co.uk/business/business-news/another-year-of-strong-growth-and-bumper-payouts-for-shirtmaker-charles-tyrwhitt-1-6597072. In no small part, Defendant's rapid growth and increasing profitability are a direct result of the deceptive advertising schemes set forth in this Complaint.

21. California law applies to all claims set forth in this Complaint, because Plaintiff lives in California and purchased Charles Tyrwhitt clothing there. Also, Defendant sold its products throughout California and availed itself of business opportunities in this state, through its website, its catalogues, and its online and print advertising.

22. Accordingly, California has significant contacts, and a significant aggregation of contacts, with the claims asserted by Plaintiff and Class members.

### III.   JURISDICTION AND VENUE

23. This Court has jurisdiction over this action under 28 U.S.C. § 1332(d), because this is a class action in which: (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (2) members of the proposed class are citizens of a State different

1  from Defendant's partners; and (3) the number of members of the class is greater than 100.

2  24.     Because a substantial portion of the wrongdoing alleged herein occurred in California, this Court has personal jurisdiction over Defendant.  Defendant also has sufficient minimum contacts with California and has otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of products sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

25.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (3), because: (1) a substantial part of the events or omissions giving rise to these claims occurred in this District; (2) a substantial part of the property that is the subject of this action is situated in this District; and (3) Defendant is subject to the Court's personal jurisdiction with respect to this action.

### IV.     FACTUAL ALLEGATIONS

**A.     Charles Tyrwhitt Fabricates the Former Prices of Its Merchandise**

26.     Throughout the Class Period, Defendant continually advertised and marketed its merchandise as being sold at substantially discounted prices on its website, in its catalogues, and in its online and print advertising.

27.     On Defendant's website, each item of clothing is displayed alongside three numbers.  First, there is the cost of the item at present.  Second, there is the supposed former cost of the item.  Finally, there is the purported savings of the customer who buys the item.

28.     For example, the "Handmade gold multi squares tie" costs $85, but "was $170.00." Therefore, according to the website, "You save $ 85.00" by purchasing the tie.



-5-
CLASS ACTION COMPLAINT

1    29.    Nor is it aberration that this item is half off.  Currently, every single tie and suit on
2  Defendant's website is at least 50% off or more. Dress shirts on the website are at least 55% off
3  their supposed former price.  Many are even more substantially "discounted."  Defendant's shirts
4  allegedly retail for $140 to $160, and yet no shirt on Defendant's website costs more than $69.
5  Thus, a purchaser of the "White twill non-iron slim fit shirt" pays $69 for a shirt that "was
6  $160.000."  The consumer is therefore told that he "save[s] $91.00."



15   30.    These "sales" on Defendant's website are perpetual.  And the same, perpetual
16 "sales" are offered in Defendant's catalogues, and in its advertising.
17   31.    Because Defendant's sales are continuous, the company never, or almost never, has
18 occasion to sell clothing at its purported retail price.  Indeed, it may well be that Defendant has
19 never sold one item of clothing at its supposed retail price.
20   32.    Defendant has never, or almost never, sold clothing at its former price points; the
21 former prices are completely fabricated, and the "savings" stemming from the storewide "sale" are
22 illusory.  The Handmade gold multi squares tie does not, and never did, cost $170.  Therefore, a
23 consumer who purchases it for $85 captures no "savings."
24   33.    By engaging in these widespread pricing deceptions, Defendant lures consumers into
25 buying products they would not otherwise purchase.
26   34.    Defendant's price comparisons are false, misleading, deceptive, fraudulent, and
27 unfair.  In short, they are illegal.
28

CLASS ACTION COMPLAINT

**B.    Charles Tyrwhitt Deceptively Suggests Its Shirts Are Made in London**

35.    Defendant's website and catalogues claim that the company clothing that is "British" and made in London. For example, the second page of the September 2014 Catalogue contains a letter to customers from Charles Tyrwhitt president Nick Wheeler, wherein Mr. Wheeler describes Defendant as "a small but passionate *British shirt maker*, *located on London's famous Jermyn Street*, with its 300 year history of quality shirt making."  (Emphasis added). This insinuates, falsely, that Defendant "make[s]" its merchandise on Jermyn Street, in London.

36.    Elsewhere in the catalogue, Defendant asserts that its clothing has been "inspired by the tailors of London's Jermyn Street during the Regency period of the 1800's. Fine, long threads of Egyptian cotton are intricately woven into dense, subtly textured fabric that has enough weight to hang perfectly, feel superbly comfortable and look remarkably smart." This, too, suggests that Defendant's clothing is manufactured on Jermyn Street.

37.    The catalogue also urges consumers to buy Defendant's clothing in order to "Discover British Quality for Less." Here again, Defendant suggests that its merchandise is made in Great Britain.

38.    In fact, much, if not all, of Defendant's clothing is manufactured outside famed Jermyn Street, London—indeed, outside Great Britain altogether.

39.    For its part, the website contains several categories of shirts for consumers to browse through, including "Men's Shirts," "Dress Shirts," "Slim Fit Shirts," and "*British Shirts*." *See* http://www.ctshirts.com/default.aspx  (emphasis added).

40.    When a consumer clicks on "Men's Shirts," he is taken to a page including all of Charles Tyrwhitt's men's shirts. *See http://www.ctshirts.com/mens-shirts.*  And when the consumer clicks on "British Shirts," he is taken to the exact same page. http://www.ctshirts.com/mens-shirts.

41.    The website insinuates that Defendant's men's shirts are all "British shirts"—that is, that they are made in Great Britain. In fact, however, the shirts are made in other countries, including China and Sri Lanka.

42.    Plaintiff, along with thousands of other California consumers, purchased Charles Tyrwhitt merchandise under the false impression that it was made on Jermyn Street and was

"British" in origin.

43.  By engaging in these deceptions, Defendant lured consumers into buying products they would not otherwise purchase.

44.  Misleading consumers into believing that its merchandise is made on Jermyn Street and is British in origin is false, deceptive, fraudulent, and unfair.  In short, it is illegal.

### C. Plaintiff's Purchase of Charles Tyrwhitt Merchandise

45.  Plaintiff purchased clothing from the Defendant's website on September 30, 2014 and had it delivered to his home in California.  Specifically, Plaintiff purchased one Kinghorn Royal Satin Stripe Slim Fit Shirt and one Sky Fine Stripe Non Iron Slim Fit Shirt, offered as part of Defendant's Mid-Season Sale.  Plaintiff paid, respectively, $35.00 and $49.00 for each shirt.  Defendant informed Plaintiff that, in making the purchase, he had saved, respectively, $101.00 and $111.00 on each shirt.

46.  Plaintiff was induced by Defendant's adverting and marketing into believing that he was receiving an excellent value by purchasing Defendant's merchandise.  Indeed, the reason Plaintiff entered into this transaction was to receive high quality men's clothing at a price much lower than that typically charged for such merchandise.

47.  However, the former price Defendant advertised did not reflect the true price formerly paid by consumers for these Charles Tyrwhitt clothing items, or in any way represent a true former price.

48.  In advertising deceptive information about the former retail price of its clothing, Charles Tyrwhitt intentionally misled Plaintiff into purchasing Charles Tyrwhitt merchandise.

49.  Plaintiff would not have purchased his Charles Tyrwhitt clothing in the absence of these former price misrepresentations.

50.  Plaintiff's purchase was also induced by Charles Tyrwhitt's assertion that its clothing was "British" in origin.

51.  In reality, all or almost all of Charles Tyrwhitt clothing is not British, but is made in China, Sri Lanka, and elsewhere.

52. As Defendant well knows, consumers are willing to pay a premium for clothing manufactured on famed Jermyn Street, London.

53. In advertising deceptive information about the origin of its clothing, Defendant intentionally misled Plaintiff and the other Class Members into purchasing Charles Tyrwhitt merchandise.

54. Plaintiff relied upon Defendant's representations concerning its clothing being "British." He believed himself to be purchasing clothing made in Britain, and would not have purchased his Charles Tyrwhitt clothing in the absence of these misrepresentations.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class (the "Class"):

> All persons who, from October 14, 2010, until the date of notice, purchased any piece of clothing or other merchandise from Charles Tyrwhitt, LLP in California (the "Class").

56. Plaintiff seeks to represent the members of the Class who purchased Defendant's merchandise in California.

57. The following persons are expressly excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

58. This action can be maintained as a class action, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

59. <u>Numerosity</u>: It is estimated that the number of Class members is in the thousands. Joinder of all Class members is impracticable.

60. <u>Common Questions Predominate</u>: This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members. Thus, proof of a common set of facts will establish the right of each Class member to recover. Questions of law and fact common to each Class member include, for example:

    a.    Whether Defendant engaged in fraudulent, unfair, unlawful, or deceptive business practices by falsely representing that its merchandise was on sale;

    b.    Whether Defendant engaged in fraudulent, unfair, unlawful, or deceptive business practices by representing that its merchandise is manufactured on Jermyn Street, London and is "British" in origin;

    c.    Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

    d.    Whether Defendant's fraudulent unlawful, unfair, and deceptive practices harmed Plaintiff and the Class; and

    e.    Whether Defendant was unjustly enriched by its deceptive practices.

61. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Charles Tyrwhitt merchandise during the Class Period.  Charles Tyrwhitt's unlawful, unfair, and fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  The injuries of each member of the Class were caused directly by Charles Tyrwhitt's wrongful conduct.

62. <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class.  Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members.  Plaintiff has retained highly competent and experienced class action attorneys to represent Plaintiff's interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiff and Plaintiff's counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

63. <u>Superiority</u>:   There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they are not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would create.

CLASS ACTION COMPLAINT

64. The claims of the individual class members are small in relation to the expenses of litigation, making a class action the only procedure in which class members can, as a practical matter, recover. However, the claims of individual class members are large enough to justify the expense and effort in maintaining a class action.

65. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate injunctive or equitable relief with respect to the Class as a whole.

66. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

67. Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

68. There are no unique defenses which may be asserted against Plaintiff individually, as distinguished from the Class. The claims of Plaintiff are the same as those of the Class.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Violation of "Unlawful" Prong of the UCL: Deceptive Pricing Practices

69. Plaintiff repeats and re-alleges each of the above allegations.

70. California's Unfair Competition Law prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code § 17200. Defendant's pricing scheme is "unlawful," "unfair," and "fraudulent."

71. A business practice is "unlawful" under the UCL if it violates any other law or regulation.

72. Defendant's use of fabricated former prices to manufacture fake sales constitutes a deceptive business practice under 16 C.F.R. § 233.1, and is therefore unlawful under section 5(a)(1) of the Federal Trade Commission Act.

73. Defendant's former pricing scheme also violates California Business & Professions Code § 17501, which prohibits the use of former prices in advertising "unless the former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Defendant's supposed former prices were not the prevailing market prices within the three months preceding their publication. Nor does Defendant "clearly, exactly, and conspicuously state" in its advertisements when these former prices were used.

74. Defendant's pricing scheme also violates California Civil Code § 1770(a)(13), which prohibits a business from "[m]aking false statements of fact concerning reasons for, or existence of, or amounts of price reductions."

75. As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other Class members. Specifically, Defendant has been enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

76. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

## SECOND CAUSE OF ACTION

### Violation of "Unfair" Prong of the UCL: Deceptive Pricing Practices

77. Plaintiff repeats and re-alleges each of the above allegations.

78. California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code. § 17200. Defendant's pricing scheme is "unlawful," "unfair," and "fraudulent."

79. A business practice is "unfair" under the UCL if the gravity of the harm to the victim outweighs the utility of the defendant's conduct.

80. Defendant has violated, and continues to violate, the "unfair" prong of the UCL by

luring customers in buying its products with illusory savings and fabricated former prices.

81. The gravity of the harm to Plaintiff and the other Class members resulting from these unfair acts and practices outweighs any conceivable utility of Defendant's conduct.

82. As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other Class members. Specifically, Defendant has been enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

83. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

## THIRD CAUSE OF ACTION

### Violation of "Fraudulent" Prong of the UCL: Deceptive Pricing Practices

84. Plaintiff repeats and re-alleges each of the above allegations.

85. California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code. § 17200. Defendant's pricing scheme is "unlawful," "unfair," and "fraudulent."

86. A fraudulent business practice is one in which members of the public are likely to be deceived.

87. Defendant has violated, and continues to violate, the "fraudulent" prong of the UCL by deceiving customers in buying its products with illusory savings and fabricated former prices.

88. As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other Class members. Specifically, Defendant has been enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

89. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code

§ 17200.

## FOURTH CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act: Deceptive Pricing Practices

90. Plaintiff repeats and re-alleges each of the above allegations.

91. This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*

92. Plaintiff, as well as each member of the Class, constitutes a "consumer" within the meaning of Civil Code § 1761(d).

93. Defendant's sale of shirts, suits, ties, and other clothing constitute "transactions" within the meaning of Civil Code § 1761(e). The merchandise purchased by Plaintiff and the Class members constitute "goods" under Civil Code § 1761(a).

94. Defendant's representations to Plaintiff and other members of the Class that they were receiving merchandise at substantial discounts as compared to former prices were false, in violation of the CLRA. Specifically, Defendant's conduct violated, among others, (1) Civil Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; (2) Civil Code § 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised"; and (3) Civil Code § 1770(a)(13), which prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."

95. Under Civil Code § 1780(a)(2), Plaintiff, on behalf of themselves and the Class, requests that this Court enjoin Defendant from continuing to engage in these unlawful and deceptive practices.

96. Plaintiff also reserves the right to amend this Complaint to include a request for damages under the CLRA after complying with Civil Code § 1782(a) within thirty days after the commencement of this cause of action for injunctive relief.

## FIFTH CAUSE OF ACTION

### Fair Advertising Law: Deceptive Pricing Practices

97. Plaintiff repeats and re-alleges each of the above allegations.

98. This cause of action is brought under California's Fair Advertising Law, California Business & Professions Code §§ 17500, *et seq.*

99. The FAL prohibits the dissemination of any advertising which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

100. Moreover, the FAL specifically prohibits the use of former price comparisons in advertisements "unless the former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal. Bus. & Prof. Code § 17501.

101. Defendant used, and continues to use, former prices in its advertising that were not the prevailing market price within three months of the publication of its advertisements. Nor do Defendant's advertisements clearly, exactly, and conspicuously state the date in which the former prices were used.

102. Advertising products with illusory savings and fabricated former prices is unfair, deceptive and misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*

103. Defendant knew or should have known that its advertisements were and are misleading or likely to mislead for the reasons set forth above.

104. Plaintiff suffered injury in fact and a loss of money or property as a result of Defendant's acts and practices, which violate §§ 17500, *et seq*.

### SIXTH CAUSE OF ACTION

#### Fraudulent Misrepresentation: Deceptive Pricing Practices

105. Plaintiff repeats and re-alleges each of the above allegations.

106. Defendant states on its website, in its catalogues, and in its online and print advertising, that its clothing is perpetually on sale. In fact, the former price points are fabrications, and the savings are illusory.

107. By telling consumers that they were receiving Defendant's merchandise at a

1   substantially discounted rate, Defendant made false and misleading representations to Plaintiff and
2   other Class members.

3       108.    Defendant's conduct was intentionally and fraudulently designed to induce Plaintiff
4   and the other Class members to purchase more of its products than Plaintiff and the other Class
5   members otherwise would have bought.

6       109.    Plaintiff and the other Class members reasonably relied upon such representations to
7   their detriment.

8       110.    By reason of the foregoing, Plaintiff and the other Class members have suffered
9   damages in an amount to be proved at trial, together with punitive damages.

## SEVENTH CAUSE OF ACTION

**Violation of "Unfair" Prong of the UCL: Deceptive Representations of Origin**

12       111.    Plaintiff repeats and re-alleges each of the above allegations.

13       112.    California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice.
14   Cal. Bus. & Prof. Code. § 17200.

15       113.    A business practice is "unfair" under the UCL if the gravity of the harm to the victim
16   outweighs the utility of the defendant's conduct.

17       114.    Defendant has violated, and continues to violate, the "unfair" prong of the UCL by
18   falsely stating on its website, in its catalogues, and in its advertising that its merchandise is British
19   in origin and is manufactured on Jermyn Street, London.

20       115.    The gravity of the harm to Plaintiff and the other Class members resulting from
21   these unfair acts and practices outweighs any conceivable utility of Defendant's conduct.

22       116.    As a result of the conduct described above, Defendant has been, and will continue to
23   be, unjustly enriched at the expense of Plaintiff and the other Class members.  Specifically,
24   Defendant has been enriched by obtaining revenues and profits it would not otherwise have
25   obtained absent its false, misleading, and deceptive practices.

26       117.    Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices
27   by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result
28   of such practices, and all other relief allowed under California Business & Professions Code

§ 17200.

## EIGHTH CAUSE OF ACTION

**Violation of "Fraudulent" Prong of the UCL: Deceptive Representations of Origin**

118. Plaintiff repeats and re-alleges each of the above allegations.

119. California's UCL prohibits any "unlawful, unfair, or fraudulent" business practice. Cal. Bus. & Prof. Code. § 17200.

120. A fraudulent business practice is one in which members of the public are likely to be deceived.

121. Defendant has violated, and continues to violate, the "fraudulent" prong of the UCL by deceiving customers into buying its products by telling customers that Charles Tyrwhitt merchandise is British in origin and is manufactured on Jermyn Street, London.

122. As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and the other Class members.  Specifically, Defendant has been enriched by obtaining revenues and profits it would not otherwise have obtained absent its false, misleading, and deceptive practices.

123. Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendant, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

## NINTH CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act: Deceptive Representations of Origin**

124. Plaintiff repeats and re-alleges each of the above allegations.

125. This cause of action is brought under the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*

126. Plaintiff and each member of the Class constitutes a "consumer" within the meaning of Civil Code § 1761(d).

127. Defendant's sale of shirts, suits, ties and other clothing constitutes "transactions" within the meaning of Civil Code § 1761(e).  The merchandise purchased by Plaintiff and the Class

1  members constitutes "goods" under Civil Code § 1761(a).

2      128.    Defendant's representations to Plaintiffs and other members of the Class that their merchandise they was British in origin and was manufactured on Jermyn Street, London were false, in violation of the CLRA.  Specifically, Defendant's conduct violated, among others, (1) Civil Code § 1770(a)(4), which prohibits "[u]sing deceptive representations or designations of geographic origin in connection with goods or services"; (2) Civil Code § 1770(a)(7), which prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another"; and (3) Civil Code § 1770(a)(9), which prohibits "[a]dvertising goods or services with intent not to sell them as advertised."

    129.    Under Civil Code § 1780(a)(2), Plaintiff, on behalf of himself and the Class, requests that this Court enjoin Defendant from continuing to engage in these unlawful and deceptive practices.

    130.    Plaintiff also reserves the right to amend this Complaint to include a request for damages under the CLRA after complying with Civil Code § 1782(a) within thirty days after the commencement of this cause of action for injunctive relief.

### TENTH CAUSE OF ACTION

### Fair Advertising Law: Deceptive Representations of Origin

    131.    Plaintiff repeats and re-alleges each of the above allegations.

    132.    This cause of action is brought under California's Fair Advertising Law, California Business & Professions Code §§ 17500, *et seq.*

    133.    The FAL prohibits the dissemination of any advertising which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known to be untrue or misleading.

    134.    Defendant falsely advertised that Charles Tyrwhitt merchandise is British in origin and is manufactured on Jermyn Street, London.

    135.    Falsely advertising merchandise as British in origin and manufactured on Jermyn Street, London is untrue and misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*

136. Defendant knew or should have known that its advertisements were and are misleading or likely to mislead for the reasons set forth above.

137. Plaintiff suffered injury in fact and a loss of money or property as a result of Defendant's acts and practices, which violate §§ 17500, *et seq*.

## ELEVENTH CAUSE OF ACTION

### Fraudulent Misrepresentation: Deceptive Representations of Origin

138. Plaintiff repeats and re-alleges each of the above allegations.

139. Defendant states on its website and in its catalogues and advertising that its merchandise is British in origin and is manufactured on Jermyn Street, London.

140. By telling consumers that they were receiving British merchandise, Defendant made false and misleading representations to Plaintiff and other members of the Class.

141. Defendant's conduct was intentionally and fraudulently designed to induce Plaintiff and the other Class members to purchase its products.

142. Plaintiff and the other Class members reasonably relied upon such representations to their detriment.

143. By reason of the foregoing, Plaintiff and the other Class members have suffered damages in an amount to be proved at trial, together with punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of all other similarly situated persons, prays for judgment against Defendant as follows:

A. For an order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B. For an order awarding, as appropriate, damages, restitution, and/or disgorgement to Plaintiff and the Class including all monetary relief to which Plaintiff and the Class are entitled pursuant to under California law;

C. For an order requiring Defendant to immediately cease and desist from all

1  fraudulent, deceptive, unlawful, and illegal conduct outlined above;

2        D.      For all equitable remedies available as a result of the fact that the sale of a misbranded product is an illegal contract that is void under Massachusetts law;

4        E.      For an order awarding attorneys' fees and costs;

5        F.      For an order awarding punitive damages;

6        G.      For an order awarding pre-judgment and post-judgment interest; and

7        H.      For an order providing such further relief as this Court deems just and proper.

Dated: San Jose, California

October 15, 2014

          PRATT & ASSOCIATES

          By: ___/s/ Pierce Gore_____

Ben F. Pierce Gore
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: 408.429.6506
Facsimile: 408.369.0752
pgore@prattattorneys.com

Charles J. LaDuca
Bonnie J. Prober
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: 202.789.3960
Facsimile: 202.589.1813
charles@cuneolaw.com
bprober@cuneolaw.com

Taylor Asen
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone: 202.789.3960
Facsimile: 202.589.1813
tasen@cuneolaw.com

*Counsel for Plaintiff*